**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **In re: MIRROR TRADING INTERNATIONAL Chapter 15 (PTY) LTD,**<br><br>**Debtor in a Foreign Proceeding,**<br><br>**CHAVONNES BADENHORST ST CLAIR COOPER, in his capacity as the Foreign Representative of Mirror Trading International (PTY) Ltd,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GARY BRIAN GILGEN,**<br><br>**Defendant.** | **ORDER TO SHOW CAUSE**<br><br>**Case No. 2:26-mc-00995-TS-JCB**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Movant Chavonnes Badenhorst St Clair Cooper, in his capacity as Foreign Representative of the bankruptcy estate of Mirror Trading International (PTY) Ltd.'s ("Movant"), motion to enforce a subpoena.[2] Movant relies on Fed. R. Civ. P. 45 in seeking to enforce a subpoena that was issued as to Alignment Specialists, LLC ("Alignment Specialists") in an adversary proceeding in the United States Bankruptcy Court for the Southern

[1] ECF No. 5.

[2] ECF No. 1.

District of Florida, *Cooper v. Gilgen*, Adv. Pro. No. 24-01104-MAM, ("Florida Proceeding").[3] The Florida court authorized Movant to conduct third-party discovery to locate and serve with process Gary Brian Gilgen ("Mr. Gilgen"), the Defendant in that action.[4] Under that authorization, Movant issued the subpoena in question seeking information concerning Mr. Gilgen's identity, location, and other affiliations.[5] Movant alleges that Alignment Specialists was properly served with the subpoena but failed to produce responsive documents, object to the subpoena, move to quash or modify it, or seek a protective order.[6]

The court construes the motion as a motion for an order to show cause under Fed. R. Civ. P. 45(g), which is the correct way to seek compliance with a subpoena in the present circumstances. Rule 45(g) provides that the court for the district where compliance is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Before exercising its civil contempt authority, a court must first issue an order to show cause allowing the noncompliant entity to appear and show cause as to why its failure to comply with the subpoena should be excused.[7] Based upon

[3] *Id*. at 1-2.

[4] *Id*. at 1-4.

[5] *Id*. at 2-4.

[6] *Id*. at 4. *See also* ECF No. 2 at 3-4.

[7] *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) (providing that in civil contempt proceedings, the Due Process Clause requires that the contemnor "be given reasonable notice and an opportunity to be heard"); *Frederick v. Panda No 1 LLC*, No. 17-CV-00420-WJM-KMT, 2018 WL 4927907, at *6 (D. Colo. Apr. 9, 2018) (providing, in the context of Rule 45(g) contempt sanctions, that "the Due Process Clause requires a contemnor be given reasonable notice and an opportunity to be heard"), *report and recommendation adopted as modified sub nom.*, No. 17-CV-0420-WJM-KMT, 2018 WL 4627105 (D. Colo. Sept. 26, 2018); *Price v. Kansas*, No. 09-3172-CM, 2009 WL 10656807, at *3 (D. Kan. Aug. 18, 2009) ("Civil contempt

Movant's representations to the court, it appears that Alignment Specialists was served with the subpoena but failed to comply with it. For this reason and for the reasons stated in the motion and the accompanying declaration,[8] the court GRANTS the motion.[9] Accordingly, the court HEREBY ORDERS as follows:

(1) On or before December 4, 2026, Movant shall serve upon Alignment Specialists this order and a copy of the motion to compel.[10] Movant shall by that date file proof of said service with the court.

(2) On or before December 18, 2026, Alignment Specialists shall file with this court a response showing cause as to why the court should not hold Alignment Specialists in contempt for failing to obey the subpoena without adequate excuse.

(3) A representative of Alignment Specialists must appear at a show-cause hearing on December 22, 2026, at 3:30 p.m. held via Zoom. Instructions to attend the Zoom hearing are attached to this order as Appendix 1.

(4) The court may vacate the hearing based upon Alignment Specialists' response to this order to show cause.

---

proceedings are subject to due process considerations, and the potential contemnor must be afforded notice and a hearing, unless the contempt occurs in open court and civil contempt sanctions are imposed immediately.").

[8] ECF No. 2.

[9] ECF No. 1.

[10] *Id.*

IT IS SO ORDERED.

DATED this 20th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

# Appendix I

**Zoom instructions for Show Cause Hearing on December 22, 2026, at 3:30 p.m.**

Topic: Show Cause Hearing 2:26-mc-00995-TS-JCB Cooper v. Gilgen
Time: Dec 22, 2026 03:30 PM Mountain Time (US and Canada)
Join ZoomGov Meeting
https://www.zoomgov.com/j/1652108891?pwd=gLliWMkAbofEfMaA2oGbRgzQbqH9Fu.1

Meeting ID: 165 210 8891
Passcode: 721140

---

One tap mobile
+16692545252,,1652108891#,,,,*721140# US (San Jose)
+16692161590,,1652108891#,,,,*721140# US (San Jose)

---

Dial by your location
• +1 669 254 5252 US (San Jose)
• +1 669 216 1590 US (San Jose)
• +1 415 449 4000 US (US Spanish Line)
• +1 646 828 7666 US (New York)
• +1 646 964 1167 US (US Spanish Line)
• +1 551 285 1373 US (New Jersey)

Meeting ID: 165 210 8891
Passcode: 721140

Find your local number: https://www.zoomgov.com/u/acuultYEq0
---

Join by SIP
• 1652108891@sip.zoomgov.com
---

Join by H.323
• 166.108.98.42 (US West)
• 166.108.66.42 (US East)

Meeting ID: 165 210 8891
Passcode: 721140